UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIESHA JENKINS, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CONSUMER ACCOUNT RECOVERY SERVICES, INC.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, KIESHA JENKINS, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, CONSUMER ACCOUNT RECOVERY SERVICES, INC. ("CONSUMER ACCOUNT RECOVERY"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.	Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.	This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.	Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.  The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.  Plaintiff is a natural person, a resident of Somerset County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.  CONSUMER ACCOUNT RECOVERY maintains a location at 7950 S. Military Trail, Suite 203, Lake Worth, Florida 33463.

8.  Upon information and belief, CONSUMER ACCOUNT RECOVERY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  CONSUMER ACCOUNT RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.  John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.  Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CONSUMER ACCOUNT RECOVERY, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

  The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

- a. Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(3);1692e(5); and 1692e(10);
- b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
- c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
- d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime before June 24, 2017, Plaintiff allegedly incurred a financial obligation to EVEREST MEDICAL LAB ("EVEREST MEDICAL").

16. The EVEREST MEDICAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the EVEREST MEDICAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the EVEREST MEDICAL obligation for business purposes.

19. The EVEREST MEDICAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. EVEREST MEDICAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before June 24, 2017, EVEREST MEDICAL referred the EVEREST MEDICAL obligation to CONSUMER ACCOUNT RECOVERY for the purpose of collections.

22. At the time EVEREST MEDICAL referred the EVEREST MEDICAL obligation to CONSUMER ACCOUNT RECOVERY, the obligation was past due.

23. At the time EVEREST MEDICAL referred the EVEREST MEDICAL obligation to CONSUMER ACCOUNT RECOVERY, the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated June 24, 2017, which was addressed to Plaintiff and sought a balance of $1,277.55. **Exhibit A,** which is fully incorporated herein by reference.

25. The June 24, 2017 letter was sent to Plaintiff in connection with the collection of the EVEREST MEDICAL obligation.

26. The June 24, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the June 24, 2017 letter.

28. The June 24, 2017 letter stated in part that:

> This is a **final** attempt to resolve your account prior to litigation. Everest Medical Lab will agree to accept **Six Hundred Fifty One** dollars and **55/100** cents **($651.55)** as settlement in full. Payment will need to post to your account on or before **07/09/17.** This will be considered as full and final settlement on the above referenced case.
>
> **Payment needs to be a cashiers check or money order made payable to CARS INC. and mailed to the above address.**

29. The June 24, 2017 letter also stated in part that:

> Upon receipt of all funds the debtor (Kiesha Jenkins) will be released from all liability and contractual obligations and my client

>(Everest Medical Lab) will forgo all rights of lien and legal against the debtor.
>
>Take advantage of this offer to stop any possible litigation against you. If it becomes necessary to file a lawsuit, your balance will dramatically change due to court cost and attorney's fees. **As a debtor, you will bear the cost of all legal proceedings necessary to get our client paid.**
>
>This letter is intended for settlement purposes only and does not constitute any admission of liability by either party.

## POLICIES AND PRACTICES COMPLAINED OF

30. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

    (b) Making a false representation of the character or legal status of the debt;

    (c) Making a false representation or implication that the communication is from an attorney; and

    (d) Threatening an action that was not intended to be taken.

31. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

32. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

33. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

35. Defendant's letters were designed to cause the least sophisticated consumer to be confused as to his or her rights.

36. The content of Defendant's letter was designed to cause the least sophisticated consumer to believe that the communication was from an attorney and/or that Defendant could institute legal action.

37. The content of Defendant's letter was designed to cause a false sense of urgency for the least sophisticated consumer to pay the obligation.

38. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

39. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

40. Defendants violated 15 U.S.C. § 1692e of the FDCPA by creating a false sense of urgency to pay the debt by July 9, 2017 to avoid litigation.

41. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

42. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that her "balance will dramatically change due to court cost and attorney's fees" and that Plaintiff would "bear the cost of all legal proceedings."

43. Defendants violated 15 U.S.C. § 1692e(3) of the FDCPA in connection with its communications to Plaintiff and others similarly situated by falsely representing or implying that the communication was from an attorney or that Defendant could institute legal action.

44. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

45. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening litigation if payment was not received by July 9, 2017 when such action was not intended to be taken as of the date of Defendant's letter.

46. Defendants' use of the phrases "resolve your account prior to any litigation," "released from all liability and contractual obligations," "forgo all rights of lien and legal," "stop all possible litigation against you," as well as other legalese contained in Defendant's letter would cause the least sophisticated consumer to believe that Defendants may institute suit to attempt to recover the EVEREST MEDICAL obligation when no such lawsuit was specifically authorized and/or intended to be filed.

47. Defendants' use of the phrases "resolve your account prior to any litigation," "released from all liability and contractual obligations," "forgo all rights of lien and legal," "stop all possible litigation against you," as well as other legalese contained in Defendant's letter would cause the least sophisticated consumer to believe that Defendant's communication was from an attorney or that Defendant intended to take legal action against Plaintiff.

48. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

49. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing that

50. Defendants violated 15 U.S.C. § 1692e(10) by falsely threatening to take an action that was not intended to be taken.

51. Section 1692e(10) prohibits a debt collector from make a threat to take action that cannot legally be taken or that is not intended to be taken.

52. Defendants violated Section 1692e(10) by threatening to take action that cannot legally be taken and/or it did not intend to be take.

53. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

56. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

57. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

58. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

    (d)    Awarding pre-judgment interest;

    (e)    Awarding post-judgment interest.

    (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 20, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 20, 2017

                                              *s/ Joseph K. Jones*
                                              Joseph K. Jones, Esq.

# Exhibit

# A

**Consumer Account Recovery Services Inc.**
**7950 S. Military Trail Ste 203**
**Lake Worth, FL 33463**
**james@consumeraccount.comcastbiz.net**
**Phone: 561-855-4241**

June 24, 2017

Kiesha Jenkins

███████████

AUG 1 4

Creditor:   Everest Medical Lab
Account #:  ███████
Balance:    $1,277.55

This is a **final** attempt to resolve your account prior to any litigation. Everest Medical Lab will agree to accept **Six Hundred Fifty One** dollars and **55/100** cents **($651.55)** as settlement in full. Payment will need to post to your account on or before **07/09/17**. This will be considered as full and final settlement on the above referenced case.

**<u>Payment needs to be a cashiers check or money order made payable to CARS INC. and mailed to the above address.</u>**

Upon receipt of all funds the debtor (Kiesha Jenkins) will be released from all liability and contractual obligations and my client (Everest Medical Lab) will forgo all rights of lien and legal against against the debtor.

Take advantage of this offer to stop any possible litigation against you. If it becomes necessary to file a lawsuit, your balance will dramatically change due to the court cost and attorney's fees. **As a debtor, you will bear the cost of all legal proceedings necessary to get our client paid.**

This letter is intended for settlement purposes only and does not constitute any admission of liability by either party.

Sincerely,

*James Bolton* (signature)

James Bolton
Collection Manager

*Consumer Account Recovery Services Inc. is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.*